# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KENNETH BROWN**                                                                 **PLAINTIFF**

v.                                                     **CAUSE NO. 1:10CV405 LG-RHW**

**GULFPORT POLICE DEPARTMENT, ET AL.**                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [89] filed by Alan Weatherford, the Gulfport, Mississippi Chief of Police, in his personal capacity. Plaintiff Kenneth Brown alleges that Weatherford failed to adequately train, supervise, and discipline City of Gulfport police officers, resulting in violation of Brown's constitutional rights. Weatherford asserts in this Motion that: 1) the allegations against him are inadequate to state a claim; and 2) he is entitled to qualified immunity. The issues have been fully briefed. After due consideration of the parties' arguments, the pleadings, and the relevant law, it is the Court's opinion that the Motion should be granted. Brown makes no factual allegations regarding the training, supervision or discipline of Police Chief Weatherford's subordinates, and therefore fails to state a personal capacity claim against Weatherford.

BACKGROUND

Brown alleges in his Amended Complaint that Gulfport police officers Grimes, Hayes and Kingston used excessive force in effecting a traffic stop, because they pulled him out of his vehicle and forced him to the ground, causing serious injury. Brown alleges that the officers were on the lookout for an African-American named Jimmy

Gerald Lowery, who they were informed was driving a 1990 model black Mustang north on Three Rivers Road.  Brown, an African-American, was driving about three miles south of this point on Three Rivers Road in his blue 1994 model Mustang.  Brown alleges the officers had enough information about Lowery to know that he was not Lowery, and in fact the dispatcher informed the officers as they approached Brown's vehicle that it was registered to Brown.  Brown alleges the officers could not have reasonably believed that he was engaged in criminal activity, and therefore the stop was unjustified and the force used was excessive.

Brown alleges Weatherford is liable under 42 U.S.C. § 1983 in his official and personal capacities for the violations of Brown's constitutional rights during the stop, "and [for] failure to intervene due to his failure to supervise, train and discipline the herein named officers." (Am. Compl. 7 (¶XXXII), ECF No. 76).  Further, Weatherford "failed to provide adequate and competent training and/or supervision to the Defendant-Officers sufficiently to avoid violations of the Plaintiff's constitutional rights.  Such failure caused Plaintiff's injuries and amounted to deliberate indifference." (*Id.*, (¶XXXIII)).

## Discussion

Weatherford argues that Brown's allegations are insufficient to state a claim against him in his personal capacity, and that he is entitled to qualified immunity, because his conduct did not violate clearly established statutory or constitutional rights.

1)  The Legal Standard

A federal court must grant the motion to dismiss if, viewing the alleged facts in the light most favorable to the non-moving party, the complaint fails to state a claim to relief that is plausible on its face.  *Higgenbotham v. Connatser*, No. 10-40638, 420 F. App'x. 466, 468, 2011 WL 1239872, *1 (5th Cir. Apr. 4, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be sufficient, a complaint must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A formulaic recitation of the elements of a cause of action or facts that do not permit the court to infer more than the mere possibility of misconduct fail to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  *Id.*

2)  The Elements of a Supervisory § 1983 Personal Capacity Claim

A Section 1983 claimant must "establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."  *Jones v. Lowndes Cnty., Miss.*, No. 10-60941, 2012 WL 1322914, at *2 (5th Cir. Apr. 18, 2012) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).  "A supervisor is not personally liable for his subordinate's actions in which he had no involvement."  *Id.* (quoting *James*, 535 F.3d at 373).

Brown alleges Weatherford's wrongful actions were his failure to train, supervise and discipline Gulfport police officers.  Brown does not allege that Weatherford had any personal involvement in the traffic stop at issue in this case.  Accordingly, Weatherford's liability, if any, cannot be based on his personal

involvement in a constitutional violation.

Liability may be found if Weatherford's wrongful actions were causally connected to a constitutional violation. The required elements are: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Bromfield v. Hollins,* 551 F.3d 322, 329 (5th Cir. 2008); *see also Snow v. City of El Paso, Tex.*, 501 F. Supp. 2d 833 (W.D. Tex. 2006) ("All failure to act claims, such as Plaintiff's failure to train, supervise, and discipline claims, involve the same basic elements: inadequacy, deliberate indifference, and causation."). Brown must allege facts to support each of these elements in order to state a claim. *Higgenbotham*, 420 F. App'x at 468.

### 3. Brown's Factual Allegations

After carefully reviewing Brown's Complaint, as amended, the Court finds no factual allegations regarding the training, supervision or discipline of City of Gulfport police officers. Brown includes only a formulaic recitation of the elements of a cause of action for supervisor liability. He does not allege, for instance, that Weatherford had knowledge that police officers used excessive force when making traffic stops. Such an allegation could provide the deliberate indifference element required to state a claim for failure to train, supervise or discipline. Instead, Brown relies on the inference that because he was allegedly treated with excessive force, Weatherford must have inadequately trained, supervised and disciplined Gulfport police officers. There are no facts alleged from which the Court could find that Brown has stated a facially

plausible claim for relief against Weatherford in his personal capacity. *Iqbal*, 556 U.S. at 678. As a result, Brown has failed to state a claim against Weatherford in his personal capacity.

4. Qualified Immunity

A defendant official is entitled to qualified immunity, unless (1) the plaintiff alleges that the defendant violated a constitutional right, and (2) the plaintiff proves that the defendant's conduct was objectively unreasonable. *Salas v. Carpenter*, 980 F.2d 299, 305-06 (5th Cir. 1992). The conclusion that a complaint fails to state a claim under Rule 12(b)(6) "resolves the question of qualified immunity as well: 'If the plaintiff fails to state a constitutional claim . . . , then the government official is entitled to qualified immunity.'" *Higginbotham*, 420 F. App'x at 468 (quoting *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007)). Brown has failed to state a claim against Weatherford in his personal capacity, and therefore Weatherford is entitled to qualified immunity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [89] filed by Defendant Alan Weatherford is **GRANTED**. Plaintiff's claims against the Defendant in his personal capacity are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of May, 2012.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                CHIEF U.S. DISTRICT JUDGE